### MUSTIN *v.* BRAIN.

### Opinion delivered July 1, 1918.

1. LOCAL IMPROVEMENT—PETITION FOR ORGANIZATION—CONSTRUCTION —ASSESSMENT.—Where it is sought to organize a local improvement district under Kirby's Digest, § 5667, as amended by the act of 1913, page 527, no particular form for the petition is prescribed, and in determining whether the property owner's petition is valid, the court will look to the petition, not to find a formal prayer, but to ascertain whether the effect of the petition is to express the consent of the majority of the property owners.

2. LOCAL IMPROVEMENT—ORGANIZATION—PETITION.—In construing the petition filed by the property owners, asking that the improvement be made, *held*, the petitioners meant the same as a request for the assessment of the cost of the improvement against the real property in the district, although such a request was not made in so many words.

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*J. E. Ray,* for appellant.

The petition is not sufficient, nor in the form prescribed by statute. K. & C. Dig., 6826; 33 Ark. 497; 71 *Id.* 4; 84 *Id.* 395; Kirby's Dig., § 5667 *et seq.*

*Earle W. Moorehead* and *Rose, Hemingway, Cantrell, Loughborough & Miles,* for appellees.

The petition was sufficient. K. & C. Dig., § 6826; 47 Ark. 31; Kirby's Digest, § 6091; 97 Ark. 334; 112 *Id.* 254; 125 *Id.* 388; 126 *Id.* 318; 86 *Id.* 231; 95 *Id.* 496; 103 *Id.* 127; 95 *Id.* 575; 103 *Id.* 209, 299; 115 *Id.* 88; 112 *Id.* 254; 122 *Id.* 326; 203 S. W. 33.

McCULLOCH, C. J. By an ordinance duly passed by the city council of Stuttgart on the petition of ten property owners, an improvement district was duly formed in that city for the purpose of constructing a system of sewers for public use in the territory designated, and within three months after the publication of the ordinance as provxided by statute a petition of property owners in the district was presented to the city council, and on that petition the city council passed another ordinance appointing a board of improvement to construct the improvement mentioned in the ordinance creating the district.

In the present suit there is an attack on the validity of the proceedings on the ground that the petition of the property owners was not in the form prescribed by statute.

The statute provides that the city council shall appoint three persons to compose the board of improvement of such a district for the purpose of constructing the improvement when "within three months after the publication of any such ordinance persons claiming to be a majority in value of the owners of real property within such district adjoining the locality to be affected shall present to the council a petition praying that such improvement be made, which petition shall designate the nature of the improvements to be undertaken, and that the cost thereof be assessed and charged upon the real property situated

within such district." Kirby's Digest, § 5667, as amended by act of March 3, 1913, page 527.

The petition of property owners in this instance reads as follows: "We, the undersigned, being a majority in value of owners of real property situated within the boundaries of the Sanitary Sewer District No. 4 in the city of Stuttgart, Arkansas County, Arkansas, pray that such improvement be made and designate the nature of the improvement to be undertaken to be the building of a septic tank, installing of manholes, flush tanks, wyes, bends, tile and all the necessary appurtenances for the proper construction of said sanitary sewer system with the equipment and materials as may be selected by commissioners to be hereinafter appointed. * * *

"The material to be used in making the improvement and methods of doing work, to be such as the commissioners of said district, to be hereinafter appointed, may select, and at the same time the most substantial, economical and beneficial to said district, and we respectfully pray that the council take the necessary steps towards making said improvements."

The contention is that the proceedings were void because the petition contained no prayer that the cost of the improvement "be assessed and charged upon the real property situated within such district," as required by statute.

The statute was intended to prescribe the substance, and not the precise form, of such a petition. The purpose was to provide a means of expression of the consent or willingness on the part of the property owners that the cost of the improvement should be assessed against the real property in the district so as to comply with the constitutional requirement that "assessments on real property for local improvements in towns and cities" must "be based upon the consent of a majority in value of the property holders owning property adjoining the locality to be affected." Sec. 27, art. 19, of Constitution of 1874; *Craig* v. *Russellville Waterworks Improvement District,* 84 Ark. 395.

There being no particular form prescribed, the question presented, in determining the sufficiency of the petition in order to give it validity, is not whether it contains a formal prayer for the assessment of the cost of the improvement on the property in the district, but whether or not it expresses, in substance, the consent of the signers of the petition to such assessments in accordance with the constitutional requirement. In other words, we look to the petition, not to find a formal prayer, but to ascertain whether the effect is to express the consent of a majority of the property owners. An examination of the allegations of the petition in this instance shows very clearly that the consent of the property owners is necessarily expressed in the language used, for the petition contains a request to the city council that the improvement be made, designating the nature of the improvement and that the council "take the necessary steps towards making said improvements." The petition shows on its face that the property owners knew that the improvement was to be made through the agency created by the first ordinance and that the commissioners were to be appointed to carry out the purposes of the organization, which, under the law, was to construct the improvement at the expense of the owners of real property in the district. So when that is fully understood it necessarily follows that the persons who signed the petition intended it as a request for the assessment of the cost of the improvement against the real property in the district. Any other interpretation of the language of the petition would disregard its plain meaning, and would be putting form above substance where the law itself does not prescribe a formula.

We are of the opinion, therefore, that the chancellor was correct in holding that the form of the petition constituted sufficient compliance with the statute and that the proceedings were valid.

Decree affirmed.